**SO ORDERED.**

**SIGNED this 13 day of March, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| **EASTHAVEN MARINA GROUP, LLC,** | **CASE NO: 08-05453-8-JRL** |
| Debtor. | **CHAPTER 11** |
| **EASTHAVEN MARINA GROUP, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ADVERSARY PROCEEDING** |
| ) | **NO. L-08-00221-8-AP** |
| **B&M HOLDINGS, LLC, and** ) | |
| **FUSS LAW FIRM, PC, TRUSTEE,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case came before the court on the debtor's motion for summary judgment. On January 28, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina.

**JURISDICTION AND PROCEDURE**

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. On March 2, 2007, SHM Marina Group, LLC purchased real property in Pender County, North Carolina from B&M Holdings, LLC ("B&M").

2. A note was executed and delivered by "Scotts Hill Marina Group, LLC" on March 2, 2007 in the principal amount of $9,000,000.00. The note was dated the same day.

3. A deed of trust was executed and delivered in favor of B&M from the grantor SHM Marina Group, LLC. The deed of trust provided that it secured a note to B&M in the amount of $9,000,000.00. The deed of trust was dated March 1, 2007, and refers to the note as dated March 1, 2007.

4. The date of the note referenced by the deed of trust was incorrect by one day. Furthermore, the name on the note did not match the name on the deed of trust. Scotts Hill Marina Group, LLC is not a legal entity within the state of North Carolina. Instead, it is the common name the principals of SHM Marina use when referring to their business.

5. On November 9, 2007, SHM Marina Group, LLC conveyed the property to David White ("White"). The deed to White states, "Grantee acknowledges that this conveyance is subject to deed of trust to B&M Holdings, LLC in the amount of $9,000,000 . . . .By acceptance of this conveyance, Grantee agrees to assume this debt. . . ."

6. White formed Easthaven Marina Group, LLC on January 31, 2008.

7. On February 4, 2008, White conveyed the property by General Warranty Deed to the plaintiff, Easthaven Marina Group, LLC ("Easthaven"). The deed recites that the conveyance is

"[s]ubject to the Deed of trust in Book 3176, Page 109." Easthaven is the current owner of the property.

    8. Easthaven filed for relief under Chapter 11 of the Bankruptcy Code on August 13, 2008.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

In this case, the debtor contends that because the deed of trust does not accurately identify the obligation it asserts to secure, it is invalid and unenforceable. The debtor further contends that without a note accurately dated March 1, 2007, from the entity SHM Marina Group, LLC, no obligation was established; thus, no claim exists. This court agrees that the deed

3

of trust is invalid.[1]  Nevertheless, the obligation asserted in B&M's claim is enforceable under the theory of estoppel.

In re Head Grading Co., Inc., a case decided by this court, favors the debtor's position. 353 B.R. 122 (Bankr. E.D.N.C. 2006).  The promissory note in Head Grading, like the note in the present case, was misdated by a single day.  Reasoning that clarity and certainty in lien perfection was of the utmost importance, this court held that the deed of trust was invalid because it failed to properly identify the obligation secured. Id.  The reasoning of Head Grading was extrapolated from earlier cases which invalidated deeds of trusts.  Both In the Matter of the Foreclosure of Enderle, 110 N.C. App. 733, 431 S.E.2d. 549 (1993) and Putnam v. Ferguson, 130 N.C. App. 95, 502 S.E.2d 386 (1998), support the theory that a deed of trust containing a name different from that on the note it purports to secure is invalid.  Although a deed of trust may secure an obligation of someone other than the grantee of the deed of trust, it must do so expressly.  Following the reasoning of Head Grading , Enderle, and Putnam, the deed of trust in this case, securing a note that is both misdated and misnamed, is invalid.

In Enderle, the court, by declining to address the issue of reformation, did not preclude the possibility of reformation where the deed of trust fails to express the true intent of the parties. 431 S.E.2d. at 550.  This court, however, in In re Law Developers, 2008 WL 2570863 (Bankr. E.D.N.C. 2008), held that the possibility of reformation disappears when the rights of a bona fide purchaser intervene under §544(a)(3).  White qualifies as a bona fide purchaser because a

---

[1] This determination is different than the ruling at hearing.  Upon further research, this court is persuaded that the deed of trust is invalid.  Whether or not this court agrees that the discrepancy of one day in date is fatal, the incongruity of names clearly is.  This court's final holding, however, is unchanged under the theory of estoppel.

debtor-in-possession has the power to avoid a claim that could be voidable by a bona fide purchaser for value at the time of the filing of the bankruptcy petition. Id. at *2, *citing*, In re Hartman Paving, Inc., 745 F.2d 307, 309 (4th Cir. 1984). Reformation of the deed of trust, therefore, is not an available remedy to the parties in this case.

While the importance of certainty in lien perfection should not be diminished, the present case presents a series of facts on which the issue of estoppel is controlling. "Estoppel of the grantee of a deed. . . is not predicated primarily on the execution of a formal written instrument which cannot be denied or rebutted, but rather on the inability of a person, in the eyes of the law, to acquiesce in, and enjoy the benefits of, a transaction, and at the same time reject the accompanying burdens." 28 Am. Jur. 2d Estoppel and Waiver §14 (2008). The deeds from SHM Marina Group, LLC to White, and from White to the debtor, acknowledged that the conveyances were "subject to" the B&M deed of trust.

Having assumed the burden of the mortgage, Easthaven cannot attempt to challenge the mortgage's effect. The grantee of land subject to a mortgage is estopped from denying the mortgage's validity. Keller v. Parrish, 196 N.C. 733, 147 S.E.2d 9 (1929); Keen v. Parker, 217 N.C. 378, 8 S.E.2d 209 (1940); Terry v. Brothers Inv., 77 N.C. App.1 (1985). Cases applying estoppel against a subsequent grantee who assumes a mortgage are not novel to North Carolina. This equitable remedy has long been established throughout multiple jurisdictions. *See*, Austell Bank v. National Bondholders Corp., 188 Ga. 757, 4 S.E.2d 913 (1939)(estoppel where a deed of land is made subject to an existing mortgage); Pacific First Federal Sav. and Loan Ass'n v. Lindberg, 64 Or. App. 140, 667 P.2d 535 (1983)(purchaser in accepting the deed is estopped from disputing the validity of the mortgage); Harts v. Emery, 184 Ill. 560, 56 N.E. 865

(1900)(grantee cannot dispute the validity of a mortgage on the grounds that it was not legally executed); Wood v. Peterson Farms Co., 132 Cal. App. 716, 23 P.2d 433 (4th Dist. 1933) (the grantee of mortgaged land is estopped from questioning the proper execution of the mortgage); Bryan v. Dallas Nat. Bank, 135 S.W.2d 249 (Tex. Civ. App. 1939)(grantee is estopped from denying mortgage validity even though the mortgage is void against the vendor); Kansas City Ins. Co. v. Hudson, 71 S.W. 2d 574 (Tex. Civ. App. 1934)(estoppel where the deed fails to specifically mention the mortgage); Shafer v. Gregory, 102 Cal. App. 92, 282 P. 412 (1st Dist. 1929)( grantee is estopped from denying mortgage validity when the assumption is the only consideration in acquiring the property). Because the debtor here is attempting to invalidate a conveyance two transfers back in the chain of title, the doctrine applies on all fours.

      Nor under the facts of this case is it necessary to determine whether the debtor by ratifying the transaction has assumed liability on the questioned note, or has simply taken the property subject to the mortgage.  The note was a purchase money obligation, so its holder could only look to the value of the collateral for any recovery upon default in payment.  It is likely that the debtor has assumed this obligation under the test of Beaver v. Ledbetter, 269 N.C. 142, 152 S.E.2d 165 (1967), due to White's extensive involvement in all of the transactions. However, it is enough for purposes of this case to conclude that B&M clearly has a secured claim in this case equal to the value of the collateral at the time of filing.  11 U.S.C. § 506(a)(1).

      Estoppel clearly prevents the use of § 544(a) to avoid the deed of trust here. Under §544(a)(3), the knowledge of White as the principal of the debtor is imputed to the hypothetical bona fide purchaser. Hartman, 745 F.2d at 309.  A deed can only be avoided when the bona fide purchaser takes without actual knowledge. Id.  Because estoppel arises as a matter of law from

the multiple transfers appearing in the public record, it would equally prevent a lien creditor of the debtor from attacking the original transaction under §544(a)(1).

As a final argument, counsel for B&M asserts that this case is an impermissible use of the avoidance powers that should not be permitted. The Fourth Circuit has precluded such equitable limitation of strong arm powers under § 544. <u>In re Coleman</u>, 426 F.3d 719 (2005). But for <u>Coleman</u>, the court would rely on this alternative ground. The mistakes in the transaction here are in part attributable to the actions of the principal of the debtor, White, who used the common but incorrect name of his company in the purchase agreement that made its way onto the note. More importantly, there are no creditors of the debtor who would benefit from this avoidance. A ruling in the debtor's favor would simply shift the beneficial equity interest in the debtor from B&M to the debtor, in complete disregard of a transaction all acknowledge was to have the opposite result. The court will not countenance such a result unless controlling principles leave no other result possible.

## **CONCLUSION**

Based on the foregoing, the plaintiff's motion for summary judgement is DENIED. Because there are no material issues of fact, summary judgment is GRANTED in favor of the defendants.

**END OF DOCUMENT**